IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY MITCHELL,                           No. C-08-3443 TEH (PR)

        Plaintiff,

    v.                                      ORDER OF SERVICE

JIM HAMLET, WARDEN, et. al.,

        Defendants.
_____/

I

    Plaintiff Gregory Mitchell, a pro se prisoner housed at the Correctional Training Facility ("CTF") in Soledad, California, filed an action under 42 U.S.C. § 1983 on July 17, 2008. Plaintiff's Complaint alleges that California Department of Corrections and Rehabilitation ("CDCR") personnel acted under color of state law to violate Plaintiff's rights under the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

    Plaintiff's Complaint identifies six separate claims for relief, which the Court determines are more properly categorized as

three separate claims for relief.  Plaintiff's "First" and "Sixth" Claims for Relief allege a violation of his right to freely exercise his religion under the First Amendment and RLUIPA.  Plaintiff's "Second" and "Fifth" Claims for Relief allege a violation of RLUIPA and the First Amendment's prohibition of governmental acts and undertakings respecting the establishment of religion.  Plaintiff's "Third" and "Fourth" Claims for Relief allege a violation of the First Amendment's Free Exercise Clause, equal protection, and RLUIPA for suppressing Plaintiff's religion while favoring other religions.  Based on these claims, Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.  He also seeks appointment of counsel.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## III
### A

To establish a free exercise violation under § 1983, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests.  Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008).  Under Turner v. Safley, 482 U.S. 78, 89-90 (1987), there are four factors to consider when determining whether a regulation is reasonably related to legitimate penological interests and therefore not in violation of the Free Exercise Clause:  (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;" (2) "whether there are alternative means of exercising the right that remain open to prison inmates;" (3) the "impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally;" and (4) the "absence of ready alternatives," or, in other words, whether the rule at issue is an "exaggerated response to prison concerns."

### B

The Equal Protection Clause requires that an inmate who is

3

1  an adherent of a minority religion be afforded a "reasonable
2  opportunity of pursuing his faith comparable to the opportunity
3  afforded fellow prisoners who adhere to conventional religious
4  precepts," Cruz v. Beto, 405 U.S. 319, 322 (1972), as long as the
5  inmate's religious needs are balanced against the reasonable
6  penological goals of the prison. O'Lone v. Shabazz, 482 U.S. 342,
7  349 (1987).

### C

To state a claim under R.L.U.I.P.A., a prisoner bears the burden of coming forward with evidence demonstrating the state's action or policy constituted a substantial burden on his exercise of religion. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). "R.L.U.I.P.A. defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.' 42 U.S.C. § 2000cc-5(7)(A)." Id. at 994. The focus of this initial inquiry necessarily is on the manner in which the plaintiff's religious exercise is impacted, rather than on the reasonableness of the facility's policy or regulation. Id. at 995. If the prisoner "establishes the prima facie existence of such a substantial burden, on which he bears the burden of persuasion," the burden of persuasion then shifts to the C.D.C.R. to prove that any substantial burden on the prisoner's exercise of his religious beliefs is both "in furtherance of a compelling governmental interest" and the "least restrictive means of furthering that compelling governmental interest." Id.; 42 U.S.C. §

1  2000cc-1(a); § 2000cc-2(b).  Thus, a free exercise claim made under
2  R.L.U.I.P.A. – as opposed to one made under the First Amendment –
3  requires the government to meet a much stricter burden.  <u>Greene v.</u>
4  <u>Solano County Jail</u>, 513 F.3d 982, 986 (9th Cir. 2008); 42 U.S.C. §
5  2000cc-1(a)(1)-(2) (2000).

**D**

8  Here, Plaintiff's Complaint includes allegations that CTF
9  personnel denied him a Halal diet, the ability to wear a beard, the
10 ability to group-worship, and the ability to use earned time off to
11 attend prayer services.  Plaintiff's Complaint also includes
12 allegations that the prison's religious artifact vendor system only
13 permits him to order religious artifacts from a single vendor and
14 that prison regulations limit the amount of prayer oils that he is
15 permitted to order.  Finally, Plaintiff contends that the prison's
16 Muslim community has not been provided with either a qualified
17 Muslim chaplain or a large prayer rug.
18 Liberally construed, Plaintiff's allegations appear to
19 state minimally cognizable § 1983 claims, and Defendants will be
20 served.

**IV**

23 Plaintiff's request for appointment of counsel under 28
24 U.S.C. § 1915, which is included in his Complaint, is DENIED for
25 lack of exceptional circumstances.  <u>See</u> <u>Terrell v. Brewer</u>, 935 F.2d
26 1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,

1331 (9th Cir. 1986).  The Court will consider appointment of counsel on its own motion, and seek volunteer counsel to agree to represent plaintiff pro bono, if it determines at a later time in the proceedings that appointment of counsel is warranted.

V

For the foregoing reasons and for good cause shown:

1.	Plaintiff's request for appointment of counsel included in his Complaint is DENIED.

2.	The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on CTF Acting Warden J. Brown, Acting Warden A.P. Kane, Acting Warden B. Curry, Associate Warden Business Services/Community Resources Manager W. Cohen, Business Manager Lockwood, Business Services/Community Resources Manager B. Hedrick, Business Services/Community Resources Manager P. Manderville, Associate Warden Business Services/Community Resources Manager W. J. Hill, Business Services/Community Resources Manager Pat Barker,  Muslim Chaplain Antar Jannah, Jewish Chaplain E. J. Klein, Assistant Food Manager A. O. Amaya, Assistant Food Manager J. Hodges,  Correctional Lieutenant J. L. Madison, Correctional Lieutenant Carvello, Associate Warden Business Services/Community Resources Manager V. Raso, Department Food Administrator Sue Summerset, and CDCR Chief of Inmate Appeals Nan Grannis will be served.  All other parties named as Defendants are DISMISSED.  The Clerk also shall serve a copy of

1  this Order on Plaintiff.

2              3.   In order to expedite the resolution of this case, the
3  Court orders as follows:

4              a.   No later than 90 days from the date of this
5  Order, Defendants shall file a Motion for Summary Judgment or other
6  dispositive motion.  A Motion for Summary Judgment shall be
7  supported by adequate factual documentation and shall conform in all
8  respects to Federal Rule of Civil Procedure 56, and shall include as
9  exhibits all records and incident reports stemming from the events
10 at issue.  If Defendants are of the opinion that this case cannot be
11 resolved by summary judgment or other dispositive motion, they shall
12 so inform the Court prior to the date his motion is due.  All papers
13 filed with the Court shall be served promptly on Plaintiff.

14             b.   Plaintiff's Opposition to the dispositive motion
15 shall be filed with the Court and served upon Defendants no later
16 than 30 days after Defendants serve Plaintiff with the motion.

17             c.   Plaintiff is advised that a Motion for Summary
18 Judgment under Rule 56 of the Federal Rules of Civil Procedure will,
19 if granted, end your case.  Rule 56 tells you what you must do in
20 order to oppose a motion for summary judgment.  Generally, summary
21 judgment must be granted when there is no genuine issue of material
22 fact - that is, if there is no real dispute about any fact that
23 would affect the result of your case, the party who asked for
24 summary judgment is entitled to judgment as a matter of law, which
25 will end your case.  When a party you are suing makes a Motion for
26 Summary Judgment that is properly supported by declarations (or

1  other sworn testimony), you cannot simply rely on what your
2  Complaint says.  Instead, you must set out specific facts in
3  declarations, depositions, answers to interrogatories, or
4  authenticated documents, as provided in Rule 56(e), that contradict
5  the facts shown in Defendants' declarations and documents and show
6  that there is a genuine issue of material fact for trial.  If you do
7  not submit your own evidence in opposition, summary judgment, if
8  appropriate, may be entered against you.  If summary judgment is
9  granted, your case will be dismissed and there will be no trial.
10 Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App
11 A).
12         Plaintiff also is advised that a Motion to Dismiss for
13 failure to exhaust administrative remedies under 42 U.S.C. §
14 1997e(a) will, if granted, end your case, albeit without prejudice.
15 You must "develop a record" and present it in your Opposition in
16 order to dispute any "factual record" presented by the Defendant in
17 his Motion to Dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14
18 (9th Cir. 2003).
19         d.   Defendants shall file a reply brief within 15
20 days of the date on which Plaintiff serves them with the Opposition.
21         e.   The motion shall be deemed submitted as of the
22 date the reply brief is due.  No hearing will be held on the motion
23 unless the Court so orders at a later date.
24      4.   Discovery may be taken in accordance with the Federal
25 Rules of Civil Procedure.  No further court order is required before
26 the parties may conduct discovery.
27
28                                  8

        5.   All communications by Plaintiff with the Court must be served on Defendant, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

        6.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

        IT IS SO ORDERED.

DATED   04/13/09                    _____
                                    **THELTON E. HENDERSON**
                                    United States District Judge

G:\PRO-SE\TEH\CR.08\Mitchell-08-3443-order of service.wpd